UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| EBURY STREET CAPITAL, LLC, EB 1EMIALA, LLC, EB 2EMIALA, LLC, EBURY FUND 1 NJ LLC, and EBURY FUND 2 NJ, LLC,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>    v.<br><br>THOMAS R. MCOSKER, ANDREW KERNAN, BADEL HERNANDEZ, LIENCLEAR – 0001, LLC, LIENCLEAR – 0002, LLC, LIENCLEAR, LLC, BLOXTRADE, LLC, BCMG SERVICES, LLC, BCMG INTERNATIONAL, LLC, and SITONA VENUTRES LLC,<br><br>    Defendants Counterclaims/Third-Party Plaintiffs,<br><br>    v.<br><br>JOHN HANRATTY, PING XIE, SARAH WELLS, DENNISSE MENDEZ, SHIRLEY VEGA, JOHN BRONZO, PATRICK SEYMOUR, EB LEVRE I, LLC, EBURY FUND I, LP, EBURY FUND 2, LP, EB 1EMIDC, LLC, RED CLOVER 1, LLC, WHITE CLOVER 1, LLC, BLACK CLOVER I, LLC, EBURY FUND IC1, LLC, EBURY FUND 2CI, LLC, and EBURY RE, LLC,<br><br>    Third-Party Defendants | No. 1:21-cv-00203-MN |

**STIPULATED PROTECTIVE ORDER**

    It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

    1. Any party to this litigation and any third party may designate as "Confidential" or

1

"Highly Confidential – Attorneys' Eyes Only" and subject to this Order any information, document, testimony, thing, or portion of any testimony, document or thing ("Material"): (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information; (b) that contains private or confidential personal information; (c) that contains information received in confidence from third parties; or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

2. Information shall be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the following manner:

    a. Paper documents shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Documents may be proportionately reduced to create a larger margin within which to include such legend and any Bates number.

    b. Documents, or electronically stored information, that are produced in electronic form shall be designated by marking the production media (*e.g.*, CD-ROM) or an index of the production media with the legend "CONFIDENTIAL" or "Highly Confidential – Attorneys' Eyes Only."

    c. Any written response to a discovery request shall be designated by imprinting or affixing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." next to, above, or below the response.

    d. Any testimony at a deposition, hearing, or other proceeding shall be designated either by stating so on the record at the deposition, hearing, or other proceeding, or by written notice to counsel for all parties no later than fourteen (14) days after the receipt of the transcript of such deposition, hearing or other proceeding. During this fourteen (14) day period, no transcript shall be disclosed to any individual other than the individuals described

in Paragraphs 6(a), (b), (c), (d), (f) and (g) below and the deponent, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraphs 6(a), (b), (c), (d), (f) and (g). Upon being informed that certain portions of a deposition are to be designated as Confidential or Highly Confidential – Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Order.

    e. Any testimony that is not transcribed (*e.g.*, an affidavit, certification or declaration) shall be designated by written notice to counsel for all parties no later than ten (10) days after the testimony is given. During this ten (10) day period, such testimony shall not be disclosed to any individual other than the individuals described in Paragraphs 6(a), (b), (c), (d), (f) and (g) below. Upon being informed that certain portions of testimony are to be designated as Confidential or Highly Confidential – Attorneys' Eyes Only, all parties shall immediately cause each copy of the testimony in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Order.

3. All Material disclosed by the parties in this case, including any Confidential Material or Highly Confidential – Attorneys' Eyes Only Material subject to this Order, may be used for purposes of this litigation only, and shall not be used or disclosed by the receiving party for any business, commercial, competitive, personal or other purpose.

4. No Confidential Material shall be disclosed by the receiving party to anyone other than:

    a. Outside counsel (defined herein as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

    b. Outside experts or consultants retained by outside counsel for purposes of this

3

litigation, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    c.   Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

    d.   The court and court personnel;

    e.   Any witness may be shown or examined on any Confidential Material if it appears that the witness authored or received a copy of it or is otherwise generally aware of its content, is employed by the party who produced the Confidential Material, or if the producing party consents to such disclosure;

    f.   Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including but not limited to court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom, in depositions, or in mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such Confidential Material;

    g.   The parties. In the case of parties that are corporations or other business entities, "party" means executives who are required to participate in decisions with reference to this litigation and any other employees who have been advised of the existence of this Order; and

    h.   Other persons only upon seven (7) days written notice to the producing party, and provided such persons have signed a non-disclosure agreement in the form attached hereto as Exhibit A.

    5.   Confidential Material and Highly Confidential – Attorneys' Eyes Only Material, copies thereof, and information contained therein may only be used by individuals listed in Paragraph 4 and 6, respectively, and shall not be disclosed in any manner to any other individual unless and until (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the

court orders such disclosure.

      6.    No Highly Confidential – Attorneys' Eyes Only Material shall be disclosed by the receiving party to anyone other than:

      a.    Outside counsel (defined herein as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

      b.    Outside experts or consultants retained by outside counsel for purposes of this litigation, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

      c.    Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

      d.    The court and court personnel;

      e.    Any deponent may be shown or examined on any Confidential Material if it appears that the witness authored or received a copy of it, is employed by the party who produced the Confidential Material, or if the producing party consents to such disclosure;

      f.    Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including but not limited to court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom, in depositions, or in mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such Confidential Material; and

      g.    Other persons pursuant to a validly issued subpoena only upon seven (7) days written notice to the producing party, and provided such persons have signed a non-disclosure agreement in the form attached hereto as Exhibit A.

7. Where a deposition involves the disclosure of a party's Confidential Material or Highly Confidential – Attorneys' Eyes Only Material, that party may, within fourteen (14) days following receipt of the deposition transcript, inform all other parties that portions of the transcript are to be designated Confidential or Highly Confidential – Attorneys' Eyes Only. This fourteen (14) day period may be extended by agreement of the parties. During this period, the Confidential deposition transcript shall not be disclosed to anyone other than the deponent and individuals listed in Paragraphs 6(a), (b), (c), (d), (f) and (g) above, and no individual attending the deposition shall disclose the contents thereof to anyone other than individuals listed in Paragraphs 6(a), (b), (c), (d), (f) and (g) above. Upon being informed that portions of a deposition are to be designated Confidential or Highly Confidential – Attorneys' Eyes Only, all parties shall immediately and appropriately mark each copy of the transcript in its custody or control, and shall limit disclosure of that transcript in accordance with this Order.

8. If counsel for a party receiving Material designated as Confidential or Highly Confidential – Attorneys' Eyes Only objects to that designation in whole or in part:

    (a) Counsel for the objecting party shall serve on the designating party or third party a written objection describing with particularity the Material in question and stating the grounds for objection. Counsel for the designating party or third party shall respond to the objection in writing within fourteen (14) days, and shall state with particularity the grounds for asserting that the Material is properly designated. If no timely written response is made to the objection, the challenged designation is deemed void. If a timely written response is made to the objection, counsel shall confer in good faith in an effort to resolve the dispute.

    (b) If a dispute as to a Confidential or Highly Confidential – Attorneys' Eyes Only designation cannot be resolved by agreement, the proponent of the challenged designation shall present the dispute to the court consistent with the court's Discovery Dispute order and

with Paragraph 7(g) of the court's Scheduling Order.

9. Any party wishing to disclose Confidential Material or Highly Confidential – Attorneys' Eyes Only Material during trial or at any hearing in this litigation may do so only as directed by the court after giving notice to the producing party.

10. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material or Highly Confidential – Attorneys' Eyes Only Material that should have been designated as such shall not be deemed to waive a party's claim of confidentiality, in whole or in part, either as to the specific Material disclosed or to other Material concerning the same or related subject matter. Inadvertent or unintentional disclosures may be rectified by written notification given within a reasonable time after disclosure to counsel for all parties receiving the Material that the Material should have been designated Confidential or Highly Confidential – Attorneys' Eyes Only. Such notice shall constitute a designation of the Material as Confidential or Highly Confidential – Attorneys' Eyes Only under this Order.

11. When the inadvertent or mistaken disclosure of Material protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party shall treat such Material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

12. In the event that any document or information that has been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is included with, or in any way disclosed in, any pleading, motion, deposition transcript, correspondence, or other paper filed with

the Court, such document or information and related material shall be filed under seal with the Court in accordance with D. Del. LR 5.1.3.  A redacted version of documents filed under seal must be filed electronically within seven (7) days.

13. Information in the public domain shall not be deemed or considered Confidential Material or Highly Confidential – Attorneys' Eyes under this Order. This Order does not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is entered without prejudice to the right of any party to move the court for modification of or relief from any of its terms.

14. This Order survives the termination of this litigation and remains in full force and effect unless modified by order of the court or by written stipulation of the parties filed with the court.

15. Other Proceedings.  By entering this Order and limiting the disclosure of information in this litigation, this court does not intend to preclude another court from finding that information relevant and subject to disclosure in another case.  Any person or party subject to this Order who in another proceeding becomes subject to a motion to disclose another party's information designated Confidential or Highly Confidential – Attorneys' Eyes pursuant to this Order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding on whether that information should be disclosed.

16. Upon final conclusion of this litigation, each party or other individual subject to this Order shall assemble and return all original and unmarked copies of Confidential Material or Highly Confidential – Attorneys' Eyes Material to the originating source, and shall, at the request of the originating source, destroy all copies of Confidential Material or Highly Confidential – Attorneys' Eyes Material that contain and/or constitute attorney work product as well as excerpts, summaries, and digests revealing Confidential Material or Highly Confidential – Attorneys' Eyes Material;

provided, however, that counsel may retain complete copies of all transcripts and pleadings, including any exhibits attached thereto, for archival purposes subject to the provisions of this Order. To the extent a party requests the return of Confidential Material or Highly Confidential – Attorneys' Eyes Material from the court following final conclusion of this litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

| | |
|---|---|
| SMITH KATZENSTEIN, & JENKINS LLP | COOCH AND TAYLOR, P.A. |
| /s/ Kathleen M. Miller | /s/ Dean R. Roland |
| Kathleen M. Miller (# 2898)<br>Julie M. O'Dell (# 6191)<br>Brandywine Building<br>1000 N. West Street, Suite 1501<br>Wilmington, Delaware 19801<br>(302) 652-8400<br>kmiller@skjlaw.com<br>jodell@skjlaw.com | Blake A. Bennett (#5133)<br>Dean R. Roland (#6459)<br>The Nemours Building<br>1007 N. Orange Street, Suite 1120<br>Wilmington, DE 19801<br>(302) 984-3889<br>bbennett@coochtaylor.com<br>droland@coochtaylor.com |
| *Attorneys for Plaintiffs/Counterclaim Defendants and third-party defendants* | *Attorneys for Defendants/Counterclaimants/Third-Party Plaintiffs* |

SO ORDERED this 5th day of October 2022

*/s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

# EXHIBIT A

### UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| EBURY STREET CAPITAL, LLC, EB 1EMIALA, LLC, EB 2EMIALA, LLC, EBURY FUND 1 NJ LLC, and EBURY FUND 2 NJ, LLC, | No. 1:21-cv-00203-MN |
| Plaintiffs/Counterclaim Defendants, | |
| v. | |
| THOMAS R. MCOSKER, ANDREW KERNAN, BADEL HERNANDEZ, LIENCLEAR – 0001, LLC, LIENCLEAR – 0002, LLC, LIENCLEAR, LLC, BLOXTRADE, LLC, BCMG SERVICES, LLC, BCMG INTERNATIONAL, LLC, and SITONA VENUTRES LLC, | |
| Defendants Counterclaims/Third-Party Plaintiffs, | |
| v. | |
| JOHN HANRATTY, PING XIE, SARAH WELLS, DENNISSE MENDEZ, SHIRLEY VEGA, JOHN BRONZO, PATRICK SEYMOUR, EB LEVRE I, LLC, EBURY FUND I, LP, EBURY FUND 2, LP, EB 1EMIDC, LLC, RED CLOVER 1, LLC, WHITE CLOVER 1, LLC, BLACK CLOVER I, LLC, EBURY FUND IC1, LLC, EBURY FUND 2CI, LLC, and EBURY RE, LLC, | |
| Third-Party Defendants | |

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ being duly sworn, state that:

1. My address is _____
   _____.

10

2. My present employer is_____and the address of my present employment is_____.

3. My present occupation or job description is_____.

4. I have carefully read and understand the provisions of the Stipulated Protective Order in this case, and I will comply with all its provisions.

5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or Highly Confidential – Attorneys' Eyes Material or any words, summaries, abstracts, or indices of Confidential information disclosed to me.

6. I will limit use of Confidential Material or Highly Confidential – Attorneys' Eyes Material disclosed to me solely for purpose of this litigation.

7. No later than the final conclusion of the case, I will return all Confidential Material or Highly Confidential – Attorneys' Eyes Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____   _____
                                     Name: