## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EBURY STREET CAPITAL, LLC, EB 1EMIALA, LLC, EB 2EMIALA, LLC, EBURY FUND 1 NJ LLC, and EBURY FUND 2 NJ, LLC, | |
| Plaintiffs–Counterclaim Plaintiffs, | C.A.  No. 21-cv-00203-JLH |
| v. | |
| THOMAS R. MCOSKER, ANDREW KERNAN, BADEL HERNANDEZ, LIENCLEAR – 0001, LLC, LIENCLEAR – 0002, LLC, LIENCLEAR, LLC, BLOXTRADE, LLC, BCMG SERVICES, LLC, BCMG INTERNATIONAL, LLC, and SITONA VENTURES LLC, | |
| Defendants–Counterclaim Plaintiffs–Third-Party Plaintiffs, | |
| v. | |
| JOHN HANRATTY, PING XIE, SARAH WELLS, DENNISSE MÉNDEZ, SHIRLEY VEGA, JOHN BRONZO, PATRICK SEYMOUR, EB LEVRE I, LLC, EBURY FUND I, LP, EBURY FUND 2, LP, EB 1EMIDC, LLC, RED CLOVER 1, LLC, WHITE CLOVER 1, LLC, BLACK CLOVER I, LLC, EBURY FUND IC1, LLC, EBURY FUND 2CI, LLC, EBURY RE, LLC, AMAURY SANTIAGO and LESSER FLAMINGO LLC, | |
| Third-Party Defendants. | |

## THE EBURY PARTIES' BRIEF IN SUPPORT OF MOTION TO STAY

GUSRAE KAPLAN NUSBAUM PLLC
Kari Parks (pro hac vice)
120 Wall Street, 25th Floor
New York, New York 10005
(212) 269-1400
kparks@gusraekaplan.com

Julie M. O'Dell (No. 6191)
SMITH KATZENSTEIN & JENKINS LLP
Brandywine Building
1000 N. West Street, Suite 1501
Wilmington Delaware 19801
(302) 652-8400
jodell@skjlaw.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

BACKGROUND ............................................................................................................... 1

    I.   The McOsker Parties Accuse Mr. Hanratty of Stealing Tax Lien Certificates, Falsifying
    Borrowing Base Certificates, and Lying to Lenders ..................................................... 1

    II.  Federal Prosecutors have Charged Mr. Hanratty with Bank and Wire Fraud, Claiming that
    He Stole from the McOsker Parties, Falsified Borrowing Base Certificates, and
    Lied to a Lender ......................................................................................................... 3

ARGUMENT .................................................................................................................... 4

    I.   The McOsker Parties' Civil Allegations are Central to the Criminal Case ............................ 4

    II.  The Status of the Criminal Proceeding ..................................................................... 6

    III. A Stay is in Both Parties' Interests ........................................................................... 6

    IV. Staying this Civil Case Furthers Judicial and Public Interests in Efficient Dockets and Fair
    Criminal Prosecutions ............................................................................................... 7

CONCLUSION ................................................................................................................. 8

# TABLE OF AUTHORITIES

Page(s)

Cases

E.I. du Pont de Nemours and Co. v. Hou,
    No. 17-224-RGA, 2017 WL 2531940 (D. Del. 2017) ...................................................... 4

Javier H. v. Garcia-Botello,
    218 F.R.D. 72 (W.D.N.Y. 2003) ...................................................................................... 4

Maloney v. Gordon,
    328 F. Supp. 2d 508 (D. Del. 2004) ........................................................................... 4, 6

Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.,
    7 F. Supp. 2d 523 (D.N.J. 1998) .................................................................................... 7

Statutes

18 U.S.C. § 1344 ............................................................................................................... 3
18 United States Code Section 1343 ........................................................................ 2, 3, 5, 6
18 United States Code Section 2314 and 15 ................................................................... 2

Through undersigned counsel, the Ebury Parties[1] respectfully request that the Court stay the above-captioned "**Civil Case**" until final judgment issues in the related "**Criminal Case**" captioned <u>United States of America v. Hanratty</u>, 23-mj-7566 (S.D.N.Y.), which was unsealed on December 18, 2023. While the McOsker Parties[2] do not agree with all the averments in this "**Motion**," they do not object to a stay being entered.

## BACKGROUND

I.     **The McOsker Parties Accuse Mr. Hanratty of Stealing Tax Lien Certificates, Falsifying Borrowing Base Certificates, and Lying to Lenders**

The Ebury and McOsker Parties worked on several projects together between 2017 and 2019. Dkt. 55 (Dec. 9, 2022) ¶ 51. In June 2019, the Ebury Parties moved out of their shared office and sued the McOsker Parties in the federal district court for the District of Puerto Rico, alleging, <u>inter alia</u>, that the McOsker Parties had over $3 million worth of tax lien certificates via a Ponzi Scheme in which Defendants promised to help broker and escrow tax lien certificates and proceeds, but instead funneled Plaintiffs' profits to their own bank accounts. <u>Id.</u> ¶ 106.  The McOsker Parties expressly deny these allegations and contend that the parties agreed to use the $3 million worth of tax lien certificates to, in-part, fund the several projects that they worked on together.

After years of jurisdictional fights, in 2021, the Ebury Parties re-filed some of their claims, including Racketeer Influenced and Corrupt Organizations ("**RICO**") Act violations arising out of

---

[1] The "**Ebury Parties**" are Plaintiffs–Counterclaim Defendants Ebury Street Capital, LLC, EB 1EMIALA, LLC, EB 2EMIALA, LLC, Ebury Fund 1 NJ, LLC, and Ebury Fund 2 NJ, LLC, and Third-Party Defendants John Hanratty, EB Levre I, LLC, Ebury Fund 1, LP, Ebury Fund 2, LP, EB 1EMIDC, LLC, Red Clover 1, LLC, White Clover 1, LLC, Black Clover 1, LLC, Ebury Fund IC1, LLC, Ebury Fund 2CI, LLC, Ebury Fund RE, LLC, and Lesser Flamingo, LLC.

[2] The "**McOsker Parties**" are Defendants–Counterclaim Plaintiffs–Third-Party Plaintiffs Thomas R. McOsker, Andrew Kernan, Badel Hernandez, Lienclear – 0001, LLC, Lienclear – 0002, LLC, Lienclear, LLC, Bloxtrade, LLC, BCMG Services, LLC, BCMG International, LLC and Sitona Ventures, LLC.

federal criminal mail fraud, wire fraud and stolen property act statutes, against the McOsker Parties here in the District of Delaware. [Dkt. 16 (June, 25, 2021). The McOsker Parties eventually filed RICO and related counterclaims and third-party claims, alleging, among other injuries, that Third-Party Defendant John Hanratty had lied to and stolen from Defendants and other entities, including non-party Emigrant Business Credit Corporation ("**EBCC**"). Dkt. 55 (Dec. 9, 2022).

In September 2023, this Court issued an order granting in part and denying in part The Ebury Parties' 12(b)(2) and 12(b)(6) motions to dismiss the McOsker Parties' Amended Counterclaim and Amended Third-Party Complaint. Dkt. 91 (Sep.. 28, 2023). Among other rulings, the Court preserved the McOsker Parties' RICO claims against Mr. Hanratty and an individual who was the Ebury Entities' Chief Financial Officer ("**CFO**"), finding that the McOsker Parties had properly alleged RICO's predicate acts:

> The pleading alleges that there is a pattern of predicate acts that includes wire fraud in violation of 18 United States Code Section 1343; violations of the National Stolen Property Act, 18 United States Code Section 2314 and 15; and money laundering in violation of Section 1956 and 57. Specifically, the pleading alleges that Hanratty, through Ebury St. and his other entities, essentially ran a Ponzi scheme by drawing in investors with false promises, double and triple booking assets using sham transactions between his own entities, outright stealing assets, falsifying borrowing bases and other metrics to obtain funds, inappropriately embezzling and commingling funds, and defaulting on loans and other contractual obligations that he never intended to honor.

> [ . . . the McOsker Parties' pleading] references "various oral communications; subsequent writings including various documents circulated in 2017 and 2018; emails in 2017, 2018, and 2019; and instant messages through various messaging services through 2017 and 2019" [ . . . the CFO] allegedly (1) assisted in improperly transferring assets, (2) improperly moved assets into foreign entities, and (3) falsified borrowing bases and redemption reports to lenders and other third parties.

Id. at 15.

II.     **Federal Prosecutors have Charged Mr. Hanratty with Bank and Wire Fraud, Claiming that He Stole from the McOsker Parties, Falsified Borrowing Base Certificates, and Lied to a Lender**

On December 18, 2023, federal agents arrested Mr. Hanratty in connection with a "**Criminal Complaint**," which was unsealed that same day. Declaration of Kari Parks ¶ 3 (Jan. 31, 2024) ("**Parks Decl.**"); id. Exhibit A, USA v. Hanratty Criminal Complaint ("**Crim. Compl.**"). To craft the federal charges, a Federal Bureau of Investigation ("**FBI**") agent had "conversations with representatives of" and reviewed "records from [EBCC]" and had "conversations with" and reviewed "records obtained from [Broker-1]," whom federal prosecutors have confirmed is Thomas McOsker and the entity McOsker Parties. Crim. Compl. ¶¶ 5, 7; Parks Decl. ¶ 6.

In the Criminal Complaint, which is being prosecuted by the United States Attorney's Office ("**USAO**") for the Southern District of New York, federal authorities have accused Mr. Hanratty of victimizing EBCC and Mr. McOsker, and charged Mr. Hanratty with wire fraud in violation of 18 U.S.C. § 1343 and bank fraud in violation of 18 U.S.C. § 1344. Crim. Compl. ¶¶ 1–2. Those criminal allegations focus on Mr. McOsker's report to the FBI that the McOsker Parties were brokering the sale of 104 tax lien certificates that appeared on borrowing bases provided by the Ebury Parties to EBCC but, according to Mr. McOsker, were never owned by the Ebury Parties, and therefore fraudulently induced EBCC to issue loans to the Ebury Parties. Id. ¶ 7.

All of those tax lien certificates, which relate to properties in New Jersey and Florida, also are at issue in this Civil Case. See Dkt. 39 ¶ 63 (Sep. 1, 2022) ("**Civ. Compl.**"); Crim. Compl. ¶¶ 7(a), 7(g–h).

**ARGUMENT**

Third Circuit courts consider many factors to determine whether to stay a civil case pending the resolution of a criminal case, including "(1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings, including whether any defendants have been indicted; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice caused to the plaintiff caused by the delay; (4) the burden on the defendants;  (5) the interests of the court; and (6) the public interest." E.I. du Pont de Nemours and Co. v. Hou, No. 17-224-RGA, 2017 WL 2531940, at *1 (D. Del. 2017) (Andrews, J.) (quoting Maloney v. Gordon, 328 F. Supp. 2d 508, 511 (D. Del. 2004) (Jordan, J.)).

**I.      The McOsker Parties' Civil Allegations are Central to the Criminal Case**

The overlap between the civil and criminal cases is "the most important threshold issue." Maloney, 328 F. Supp. at 512 (citations omitted); see also Javier H. v. Garcia-Botello, 218 F.R.D. 72, 75 (W.D.N.Y. 2003) ("The strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil action involving the same matter.").

Both the Amended Civil Complaint and Criminal Complaint allege that the Ebury Parties' (1) falsified statements in Ebury Street Capital's borrowing base certificates, (2) misappropriated corporate funds, 3) committed bank fraud, 4) committed wire fraud, and 5) participated in racketeering activities.

The McOsker Parties allege that the Ebury Parties falsified statements in Ebury Street Capital's borrowing base certificates. Civ. Compl. ¶ 63. Similarly, the Criminal Complaint alleges falsified statements in the borrowing base certificates because the FBI agent believes that Mr. Hanratty "falsely represented to Victim Bank-1 that Ebury Street Capital owned the tax liens in the 'NJ Additions' spreadsheet.'" Crim. Comp. ¶ 7(b). The Criminal Complaint also alleges that the

4

Ebury Parties submitted by email to Victim Bank-1 a borrowing base certificate signed by Mr. Hanratty containing the "FL Additions" spreadsheet, however, "it did not appear that Ebury Street Capital ever became the registered owners of the tax liens in the 'FL Additions' spreadsheet." Crim. Comp. ¶ 7(g-h).

Second, the McOsker Parties' Amended Civil Complaint alleges that the Ebury Parties misappropriated funds under the Provisional Credit Line because the Ebury Parties authorized the use of the funds for the Provisional Credit Line despite both parties' agreement that the Provisional Credit Line would not be payable until a formal financing line was obtained. Civ. Compl. ¶ 52. The Amended Civil Complaint also states that the Ebury Parties use "the seemingly legitimate company to lure investors and take their money" since there was improper transfer of assets between entities, comingling of funds, and misappropriation of funds. Civ. Compl. ¶ 100–114. In like manner, the Criminal Complaint alleges "that Ebury Street Capital instead used the funds to pay investor distributions—in violation of the credit agreements" from Victim Bank-1. Crim. Compl. ¶ 8.

Third, the McOsker Parties' Amended Civil Complaint alleges that the Ebury Parties committed bank fraud because "Hanratty lied to banks, holding himself out as the CEO of BCMG Services, LLC, which he never held any interest in, nor was he ever promised any interest in." Civ. Compl. ¶ 72. Similarly, the Criminal Complaint alleges bank fraud because the Ebury Parties "knowingly executed, and attempted to execute, a scheme and artifice to defraud financial institutions… to obtain moneys, funds, credits, assets, securities, and other property." Crim. Compl. ¶ 2.

Fourth, the McOsker Parties' Amended Civil Complaint alleges that the Ebury Parties committed wire fraud in violation of 18 U.S.C. § 1343. Civ. Compl. ¶ 122. In like manner, the Criminal Complaint alleges that the Ebury Parties "transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs,

signals, pictures, and sounds, for the purpose of executing such scheme and artifice," in violation of 18 U.S.C. § 1343. Crim. Compl. ¶ 1.

Finally, it appears that the McOsker Parties and the United States Attorney's Office ("**USAO**") for the Southern District of New York, rely on the same witnesses and the same facts: both the McOsker Parties and the USAO rely on the same documents, including borrowing base certificates and public filings in Defendants' litigations against former Entity Defendant investors and EBCC.

## II.      The Status of the Criminal Proceeding

If criminal charges against a defendant have been filed, "then a court should strongly consider staying the civil proceedings until the related criminal proceedings are resolved," as the civil proceedings "can undermine a defendant's rights, including the privilege against self-incrimination under the Fifth Amendment." Maloney, 328 F. Supp. at 512 (citations omitted).

Here, the Criminal Case is not just threatened, but actually pending and active against Mr. Hanratty. Therefore, this factor weighs in favor of staying this Civil Case.

## III.     A Stay is in Both Parties' Interests

Where plaintiffs "explicitly request that the court grant a stay of discovery pending disposition of the criminal matter" and do not claim prejudice, this factor weighs in favor of the stay. Maloney, 328 F. Supp.2d at 512 (citation omitted). The Court also should consider whether the proposed stay "would unduly prejudice or present a clear tactical advantage to the non-movant." Id. at 513 (citation omitted).

Staying this Civil Case during the pendency of the Criminal Case would further all Parties' interests: Mr. Hanratty must choose between his Fifth Amendment rights and the Ebury Entities pursuing their affirmative claims, and the McOsker Parties are unlikely to obtain necessary discovery from their adversaries' key witness unless and until the Criminal Case is resolved.

Furthermore, while only Mr. Hanratty currently is facing criminal charges, the Court should stay this Civil Action against all of the Entity Defendants, particularly since the McOsker Parties have alleged that all of the Entity Defendants are alter egos of each other and Mr. Hanratty. It would be highly prejudicial to force the Entity Defendants to keep litigating this case while Mr. Hanratty faces related federal felony charges: he is their ultimate managing member; likely would be the most appropriate 30(b)(6) witness for the Ebury Entities; and, as a practical matter, is the only human with the ability to produce information and speak on behalf of the Ebury Parties.

## IV.    Staying this Civil Case Furthers Judicial and Public Interests in Efficient Dockets and Fair Criminal Prosecutions

Finally, staying this Case while the Criminal Case proceeds would conserve scarce judicial and litigant resources while preserving public interests in efficient courts and Constitutional rights. Accord, e.g., Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F. Supp. 2d 523, 528–29 (D.N.J. 1998) ("Without a stay, interrogatory and deposition discovery would likely cause inefficiency, because several defendants will be forced to assert Fifth Amendment privileges.").

Staying this action would promote judicial economy and preserve this Court's and the parties' resources, since a final criminal judgment adverse to Mr. Hanratty would estop his defenses to the McOsker Parties' RICO claims.

## CONCLUSION

The Criminal Case's bank and wire fraud allegations largely rest on specific claims made by the McOsker Parties in this Civil Case, including their allegations that the Ebury Parties did not own specified New Jersey and Florida tax lien certificates included in borrowing base certificates that the Ebury Parties submitted to EBCC. Accordingly, the Ebury Parties respectfully request that the Court exercise its discretion to stay this Civil Action until the related Criminal Action reaches final judgment or is dismissed.

Dated:  January 31, 2024

SMITH KATZENSTEIN & JENKINS LLP

*/s/ Julie M. O'Dell*
Julie M. O'Dell (No. 6191)
Brandywine Building
1000 N. West Street, Suite 1501
Wilmington, Delaware 19801
(302) 652-8400
jodell@skjlaw.com

GUSRAE KAPLAN NUSBAUM PLLC

Kari Parks (*pro hac vice*)
120 Wall Street, 25th Floor
New York, New York 10005
(212) 269-1400
kparks@gusraekaplan.com

*Attorneys for Plaintiffs/Counterclaim Defendants and Third-Party Defendants*